United States District Court
for the
Eastern District of Virginia
(Alexandria)

| | | |
|---|---|---|
| OLYMPIA ROSARIO | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | Civil Action No.: 1.09CV663 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| JEFFREY WANDS | ) | |
| | ) | |
| | ) | |
|     Defendant | ) | |
| | ) | |
| | ) | |

### DEFENDANT JEFFREY WAND'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO RULE 12(B)

**A. Preliminary Statement**

Plaintiff Olympia Rosario, a Virginia resident, has filed a Complaint claiming that this Court has proper jurisdiction to hear claims that Defendant Jeffrey Wands, a New York resident and owner of Psychic Eye Media, Inc., a New York corporation, defrauded, committed negligence and breached a fiduciary duty owed to her as long time patron of Mr. Wand's psychic entertainment services.

The defendant maintains that the facts do not establish that he has the requisite minimum contacts with Virginia for this Court to exercise jurisdiction over his person. In addition, the facts in Ms. Rosario's complaint do not establish the elements necessary to maintain an actions for fraud, negligence and breach of a fiduciary duty. As a result,

Ms. Rosario's Complaint has failed to state any claims upon which relief may be granted and for both reasons the suit should be dismissed pursuant to Federal Rule 12(b).

**B. Background**

On June 16, 2009, Olympia Rosario ("plaintiff"), a Virginia resident, filed suit against Jeffrey Wands ("defendant"), a New York resident in his individual and corporate capacity as Psychic Eye Media, Inc. claiming that the defendant committed fraud, negligence and breached his fiduciary duty to the plaintiff resulting from her consultation of his psychic entertainment services.

Specifically, plaintiff alleges that for 12 years between 1995 and 2007 the defendant performed "psychic" services to help her deal with "life issues."[1] By the fall 2007, the plaintiff, "a medical doctor…with a successful practice in Northern Virginia…was showing signs of severe stress, exhaustion and growing psychosis which stemmed from (a) heavy workload…as well as from unresolved childhood trauma."[2] In December of 2007, plaintiff "suffered a major mental health episode" during which "plaintiff became manic and began communicating with the defendant with great frequency and a sense of urgency" characterized by communications that "became increasingly disjointed."[3] As a result, the defendant reported this alarming conduct to local New York authorities and the information was later forwarded to the Virginia Board of Medicine.

Plaintiff bases the claims in her complaint on four specific causes of action: actual fraud, constructive fraud, negligence and breach of fiduciary duty. Specifically, plaintiff contends that she was defrauded by defendant when he held "himself out and … act(ed) as a

---

[1] Complaint ¶ 8.
[2] *Id.* ¶ 13
[3] *Id.* ¶ 18

2

member of the healing arts" while in actuality possessing no such knowledge or training.[4] Alternatively, plaintiff maintains that if defendant did not intentionally mislead her as to the nature of his services, he at least acted with a negligent disregard for the truth amounting to constructive fraud.[5] As a result, plaintiff holds that her reliance on the defendant's claims of psychic power and visions interfered with (her) ability to obtain competent capable medical attention resulting in damage to her professional status.[6] [7]

Plaintiff further claims defendant acted negligently by offering advice that was outside of psychic expertise and breached his fiduciary duty to her by disclosing her increasingly manic and disjointed communications to authorities.

**C. Law and Argument**

1. *Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. Pro 12(b)(2) due to lack personal jurisdiction over the defendant*

The initial issue is whether the defendant has had "sufficient minimum contacts with (Virginia) such that the maintenance of the suit does not offend the 'traditional notions of fair play and substantial justice'" and violate his due process rights.[8]

The 4th Circuit has held that, in determining whether due process is satisfied, it is significant that the cause of action arises out of the defendant's contacts with the forum state.[9] Although the holding in each case must rest upon analysis of its own particular facts and circumstances…the burden is on plaintiff to establish a basis for personal jurisdiction

---

[4] *Id.* ¶ 35
[5] *Id.* ¶ 45
[6] *Id.* ¶ 28
[7] *Id.* ¶ 48
[8] *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v, Meyer*, 311 U.S. 457, 463 (1940)).
[9] *Blue Ridge Bank v. Veribanc, Inc.,* 755 F.2d 371 (4th Cir. 1985).

over the defendant.[10] Courts have established that minimum contacts are at least a prerequisite to the exercise of jurisdiction.[11] However, the due process clause of the federal constitution does not prohibit a court's exercise of personal jurisdiction over a party when such a party has significant contacts with the state commensurate with the principles of fair play and substantial justice.[12]

The facts strongly indicate that the defendant lacked the requisite minimum contacts with the State of Virginia to satisfy due process and that an exercise of jurisdiction would violate the principles of fair play and substantial justice. Specifically, the defendant has never advertised or solicited for his services in the state, has never visited the state for the purpose of advancing his business and did not initiate contact with the resident plaintiff.

On this point, the 4th Circuit has held that a defendant was protected by the due process clause against being bound in personam by judgments of a forum when the significant contacts were those generated by the defendant.[13] Likewise, a defendant foreign corporation was found not to have established sufficient and continuous contacts where the contract was executed outside of the state, payments were made outside of the state and none of the employees ever visited Virginia.[14]

As a prominent psychic in the New York area who has a *local* weekly radio show, defendant Jeffrey Wands maintains a website, jeffreywands.com which is owned by his corporate entity Psychic Eye Media, Inc. This website contains information about the defendant which can be accessed in the State of Virginia and, presumably, anywhere around the world where the internet is accessible. The website also provides information to contact

---

[10] *United States v. Pierre Point Shipping & Inv. Co.,* 655 F. Supp. 1379 (E.D. Va. 1987).
[11] *Pappas v. Steamship Aristidis,* 249 F. Supp. 692 (E.D. Va. 1965).
[12] *Dotson v. Kwiki Sys., Inc.,* 283 F.Supp. 874 (W.D. Va. 1968)
[13] *Chung v.NANA Dev. Corp.* 783 F. 2d 1124 (4th Cir. 1986).
[14] *Initiatives, Inc. v. Korea Trading Corp.* 991 F. Supp. 476 (E.D. Va. 1997).

the defendant including a toll-free number and e-mail address, however, "a person's act of placing information on the internet" is not sufficient by itself to "subject that person to personal jurisdiction in each State in which the information is accessed." [15] Otherwise, a "person placing information on the Internet would be subject to personal jurisdiction is every State" and which would subvert traditional due process principles.[16]

Furthermore, "specific jurisdiction in the Internet context may be based only on an out-of-state person's Internet activity directed at the (forum state)."[17] The defendant's website cannot be said to be directed of state residents because "the placement of a web site on the Internet with knowledge of the possibility that the site might be accessed in Virginia is not an act directed toward the forum state for the purposes of due process."[18]

The fact that the website contains information that may amount to advertising by enabling one to solicit the defendant's services is also not sufficient to establish jurisdiction. This Court has held that the fact a website provides for e-mail and credit card solicitation alone is not sufficient as evidence that a defendant has purposely availed themselves of the benefits of Virginia law or purposely directed their activities at the plaintiff.[19] This Court has further endorsed the finding that "exercising jurisdiction over a defendant who merely advertises it services or product on the internet would violate the Due Process Clause of the Fourteenth Amendment."[20]

The defendant, as the owner of a New York corporation, did generate revenue from the resident plaintiff through the rendering of his services. These payments were presumably

---

[15] *ALS Scan, Inc. v. Digital Service Consultants, Inc.* 293 F.3d 707, 712 (4th Cir. 2002).
[16] *Id.* at 712.
[17] *Id.* at 714
[18] *Roche v. Worldwide Media, Inc, et al.,* 90 F. Supp 2d 714, 717 (2000).
[19] *Roche* at
[20] *Roche* at 12 citing *Weber v. Jolly Hotels,* 977 F. Supp. 327, 334 (D.N.J. 1997).

sent from the state by the plaintiff in the form of a check or an electronic transfer from the plaintiff's bank account. However, the fact that an out of state defendant profited from his consultations with a resident plaintiff is insufficient to establish the requisite minimum contacts to satisfy due process. Virginia law states and a federal court has upheld the principle that simply generating revenue is not enough to allow a court to exercise personal jurisdiction over the provider.[21] Rather, the provider must generate "*substantial* revenue" from his contacts with the putative forum state.[22] The record does not state or indicate that Mr. Wands has ever generated substantial revenue from his New York based psychic entertainment business from residents of Virginia.

In conclusion, the defendant has never visited Virginia for a business purpose, does not advertise his services in Virginia and has not generated substantial revenue through his contact with the State. The resident plaintiff initiated contact and their one and only meeting occurred out of state. Further, defendant's website, though providing the means through which to contact the defendant and capable of being accessed in Virginia cannot be said be an act directed at residents of the state for the purposes of considering due process.

For the foregoing reasons defendant does not have the requisite contacts with the Virginia commensurate with the principles of fair play and substantial justice to exercise of jurisdiction over the defendant's person. To do so would amount to a due process violation. Accordingly, the complaint should be dismissed pursuant to *Fed. R. Civ. Pro* 12(b)(2).

2.    *Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. Pro.*

---

[21] Va. Code § 8.01-328.1(4), "'a court may exercise personal jurisdiction over a person…as to a cause of action arising from the person's causing tortuous injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth."

[22] § 8.01-328.1, Code of Virginia (1950); *Gordonsville Indus., Inc. American Artos Corp*, 549 F. Supp. 200 (W.D. Va. 1982).

*12(b)(6) for failing to state a cause of action upon which relief can be granted.*

The standard of decision on a motion to dismiss under rule 12(b)(6) is no longer that a complaint should not be dismissed if it does not appear that the plaintiff will be able to "prove no set of facts in support of his claim."[23] Rather, the new standard recently enunciated by the U.S. Supreme Court is whether the facts as stated "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."[24] Rule 8(a)(2) requires only that "a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." However, to survive a 12(b)(6) attack "requires more than labels and conclusions (and) a formulaic recitation of a cause of action's elements will not do."[25] Thus, a Complaint must meet a heightened standard above 8(a)(2)'s threshold requirements to survive a motion to dismiss under Rule 12(b)(6).

Plaintiff's complaint fails to meet the heighted factual requirements of *Twombly*. The claims stated therein are mere labels followed by sketchy facts which do not raise the right to relief above the speculative level on the assumption that all the allegations are true. As such, the complaint must be dismissed pursuant to Rule 12(b)(6).

    a. <u>Actual and Constructive Fraud</u>

In addition to the heightened *Twombly* standard, Rule 9(b) states that "in alleging fraud or mistake, a party must state which particularity the circumstances constituting fraud or mistake."

---

[23] *Conley v. Gibson,* 355 U.S. 41, at 45-46 (1957).
[24] *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007).
[25] *Id.*

Plaintiff has alleged that the defendant perpetrated actual fraud by "holding himself out..and acting as member of the healing arts."[26]

One who advances a cause of action for actual fraud bears the burden of proving by clear and convincing evidence:

(1) a false representation,
(2) of a material fact,
(3) made intentionally or knowingly,
(4) with the intent to mislead,
(5) reliance by the party mislead, and
(6) resulting damage to the party mislead.[27]

Similarly, constructive fraud is the misrepresentation of a material fact, innocently or negligently made, with the intent that a person will rely on it and which that person relied upon with the result that he was damaged by it.[28] Reliance is defined as "a belief that a representation is true which causes a person to take action he would not otherwise have taken."[29]

Plaintiff has failed to state with particularity any facts to establish the reliance element of a claim for actual or constructive fraud. The complaint only states that around the fall of 2007 plaintiff "was showing signs of severe stress, exhaustion and growing psychosis which stemmed from the heavy workload she had taken on as a practicing professional as well as from unresolved childhood trauma."[30] Complaint further states that beginning in 2007 "Wands expanded his counseling to include assessments of Rosario's mental and emotional state and to address her claimed use of alcohol and drugs."[31]

---

[26] Complaint ¶ 33.
[27] *Bryant v. Peckinpaugh,* 241 Va. 172, 175, 400 S.E.2d 201, 203 (1991).
[28] Virginia Model Jury Instructions, Instruction No. 39.040
[29] Virginia Model Jury Instructions, Instruction No. 39.030.
[30] Complaint ¶ 13
[31] *Id.* at 12.

8

The reader of the complaint is left to fill in the blanks for him or herself as to how any possible communications regarding the plaintiff's personal issues prevented her from seeking appropriate medical attention locally. In other words, how the plaintiff took an action (or inaction) she otherwise would not have taken simply because of her continued psychic consultations with the defendant. It is well to remember that the communications between the parties were conducted over the telephone with at least 250 miles separating the two and had been ongoing for 12 years. In addition, the complaint maintains that the plaintiff herself is a mental health professional with her own practice. Based on these incomplete facts, one could assume there were many more people surrounding the plaintiff in her immediate personal and professional life who observed her state and whose advice or lack thereof had a greater influence than did defendant's.

This insufficiency of specificity regarding the plaintiff and her life creates a vast factual void which forces the reader to assume that all the facts are true in order to grant relief. Such an act is gross speculation if the type that *Twombly* seeks to prevent by requiring a heighted factual standard. Furthermore, the complaint does not state "with particularity the circumstances" surrounding the plaintiff's life leading up to her mental breakdown required when alleging fraud under Rule 9(b).

Because any finding of the reliance element of a fraud action would be wholly conclusory given the insufficiency of the facts as stated in the complaint, the claim must be dismissed pursuant to Rule 12(b)(6)

   b. <u>Negligence</u>

Plaintiff further alleges that defendant committed negligence in providing his psychic services to her. For the purposes of a 12(b)(6) analysis, to maintain an action for negligence

plaintiff must establish that the defendant had a special duty or obligation unique to the plaintiff. As the 4th Circuit has stated, "where there is no legal duty to take care, owed by one person to another in respect to the person of such other, there can be no actionable negligence."[32]

The defendant is not a medical professional and has never held himself out to be anything but a psychic and as such owed an obligation to the plaintiff only to provide her with his opinion as to what may occur in the future in exchange for payment. The defendant sought out the defendant's psychic services beginning in 1995 and continued to consult him for the next 12 years for these same services. If he had been compensated in advance, the only duty and obligation the defendant could possibly have had to the plaintiff was to provide psychic services for which he had received payment. Engaging in this sort of speculation as to a duty is unfortunately required because of the complaint's gross lack of substance and facts. It is well settled that to constitute actionable negligence there must be a legal duty and the complaint has only simply mentioned the word duty without specifying what the duty could be.

As previously mentioned, the Supreme Court in *Twombly* has stated that to survive a 12(b)(6) motion "a formulaic recitation of the elements of a cause of action will not due."[33] The complaint's negligence claim does just this without more any further and as such and in fairness must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

    c. <u>Breach of Fiduciary Duty</u>

Plaintiff alleges that "in portraying himself as a confidant, Wands created a fiduciary duty to Rosario to safeguard her information and disclosures to him." Although the 4th Cir.

---

[32] *See* Union Carbide & Carbon Corp. v. Peters, 206 F.2d 366 (4th Cir. 1953).
[33] *Twombly* at 555.

has held that the relationship creating a duty "arises whenever the property of one person is placed in charge of another"[34] plaintiff insists that such a that such a legal relationship indeed existed resulting from her use of the defendant's psychic services.

Although the law recognizes the evidentiary privilege between a doctor and patient and the American Medical Association Code of Professional Ethics states that information disclosed to a physician during the course of patient-physician relationship is confidential to the utmost degree, the defendant is not a medical professional and has only held out his services as being for entertainment purposes only.[35]  It is had to imagine an ethical obligation that the defendant could have been under, let alone a legal duty resulting from his providing psychic consultations.

Once again, the reader of the complaint is forced to imagine a situation where the defendant could possibly owe the plaintiff a duty.  Rather, the plaintiff through counsel has again engaged in an attempt to throw causes of action at the wall and hope that one sticks.  As mentioned, plaintiff cannot simply impose a duty where none existed.  The law clearly states that a duty arising from a fiduciary relationship is brought about be the "property of one person being placed in charge of another.[36] The complaint merely alleges that the defendant "portrayed himself as a confidant" and as such was not a fiduciary in the legal sense.[37] It is not alleged here that the property such as money was ever placed in the defendant's care and as such a fiduciary relationship never existed.  As a result, plaintiff has failed to state a claim for which relief can be granted.

---

[34] *Hamby v. St. Paul Mercury Indemnity Company,* 217 F.2d 78, 80 (1954).
[35] See http://www.ama-assn.org/ama/pub/physician -resources/legal topics/patient-physician-relationship.
[36] *Hamby* at 80.
[37] Complaint ¶ 61.

Because the plaintiff has failed to adequately state a claim for breach of a fiduciary duty, the claim should be dismissed pursuant to Rule 12(b)(6).

**D. Conclusion**

Defendant Jeffrey Wands should prevail in his attempt to have plaintiff's complaint dismissed under Federal Rule 12(b)(2) and 12(b)(6).

This Court does not have jurisdiction over the plaintiff's person as required given his lack of significant contacts with the State of Virginia. Defendant is not a state resident, does not advertise in the State and has never travelled to the state for a business purpose. The defendant is a New York resident who engaged in the business of providing psychic entertainment services, however he does not generate revenue substantial enough from the State to indicate he would enjoy the protection of its laws. To haul him into this court would amount to a violation of his due process rights under the United States Constitution and would offend notions of fair play and substantial justice.

Similarly, plaintiff's complaint alleging fraud, negligence and breach of fiduciary duty should be dismissed for failing the adequately state claims upon which relief can be granted pursuant to Federal Rule 12(b)(6). The complaint is also grossly inadequate in the facts it provides and consistent with the U.S. Supreme Court's recent *Twombly* decision must be dismissed. Plaintiff's fraud claim is subject to the heighted requirements of Rule 9(b) and must be plead with particularity regarding the circumstances of the alleged fraud. Because complaint has failed adequately state the circumstances of plaintiff's mental breakdown, inferred reliance on the New York based defendant cannot be established and the claim must be dismissed. In addition, the complaint's negligence claim fails to allege a special duty owed by the defendant. The complaint provides an insufficient formulaic recitation of the elements for negligence with

nothing more and, as such, the claim must be dismissed. Lastly, the complaint alleges a breach of fiduciary duty on the part of the defendant. Because a fiduciary relationship was not born out of the facts provided, there can be no breach of a duty. The complaint states that the defendant presented himself as a confidant and does not allege that plaintiff placed property in his possession. As a result, there a claim does not exist upon which relief can be granted and the claim must be dismissed.

Respectfully submitted,

_____/s/_____
Francis J. Prior, Jr., Esquire
Virginia Bar Number 17166
Attorney for Jeffrey Wands
SICILIANO, ELLIS, DYER &
 BOCCAROSSE PLC
10521 Judicial Drive, Suite 300
Fairfax, VA  22030
Phone: 703-385-6692
Fax: 703-273-5632
fprior@SEDBlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on the 10th day of August, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kevin Byrnes, Esquire
GRAD, LOGAN & KLEWANS, P.C.
3141 Fairview Park Drive
Suite 300
Falls Church, VA  22042

_____/s/_____
Francis J. Prior, Jr., Esquire
Virginia Bar Number 17166
Attorney for Jeffrey Wands
SICILIANO, ELLIS, DYER &
 BOCCAROSSE PLC
10521 Judicial Drive, Suite 300
Fairfax, VA  22030
Phone: 703-385-6692
Fax: 703-273-5632
fprior@SEDBlaw.com